UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER STOLLER,

        Plaintiff,

v.

Case No. 23-cv-984-pp

ERIC ANDERSON, TOWN OF GENEVA,
OFFICER LINDER, LEO STOLLER, DOES 1-10
and UNKNOWN LAWYERS AND LAW FIRMS,

        Defendants.

**ORDER DIRECTING THE CLERK OF COURT TO DISMISS CASE WITHOUT PREJUDICE (DKT. NO. 6) AND DECLINING TO RULE ON DEFENDANTS' MOTION TO DISMISS (DKT. NO. 8)**

On June 1, 2023, the plaintiff sued the defendants in Milwaukee County Circuit Court. Dkt. No. 10-1; see Christopher Stoller v. Eric Anderson, *et al.*, Milwaukee County Circuit Court Case No. 2023CV004037 (available at https://wcca.wicourts.gov). On July 24, 2023, the defendants removed that case to federal court. Dkt. No. 1. Four days later, on July 28, 2023, the plaintiff filed a "motion to dismiss without prejudice pursuant to federal rule 41(a)(i)." Dkt. No. 6. Three days after that, on July 31, 2023, the defendants filed a motion to dismiss with prejudice. Dkt. No. 8. Because the plaintiff filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure before the defendants served an answer or motion for summary judgment, the court will dismiss the case without prejudice.

1

## I. The Plaintiff's Motion for Voluntary Dismissal (Dkt. No. 6)

### A. Procedural History

Shortly after the defendants removed the case, and before they had filed an answer in state court, dkt. no. 1, the plaintiff filed a "motion to dismiss without prejudice pursuant to federal rule 41(a)(i)," dkt. no. 6. In this "motion" the plaintiff stated that he "ha[d] the right to dismiss his cause of action against all named Defendants as a matter of right." Dkt. No. 6 at 1. The plaintiff asserted that "[p]ursuant to Federal Rule 41(a)(i), Plaintiff may unilaterally dismiss a cause of action only prior to the filing of an Answer or a Motion for Summary Judgment." Id. The plaintiff maintained that "Attorneys for the Defendants have not filed an Answer in this cause of action and therefore, Plaintiff files his Motion to Dismiss Without Prejudice Pursuant to Federal Rule 41(a)(i)." Id.

Three days later, the defendants filed their own motion to dismiss. Dkt. No. 8. The defendants argued that the court should dismiss the case because (1) the complaint failed to state a claim under Fed. R. Civ. P. 12(b)(6), (2) the plaintiff failed to satisfy the notice of claim requirements under Wis. Stat. §893.80, (3) the plaintiff did not properly serve the summons and complaint under Wis. Stat. §801.11 and (4) the defendants are entitled to governmental immunity under Wis. Stat. §893.80(4). Dkt. No. 9 at 1-2. With the defendants' motion to dismiss, they filed a declaration which contained (1) the summons and complaint filed in Milwaukee Circuit Court, (2) an email sent by the plaintiff on June 24, 2023 and (3) an unstamped version of the complaint, which the plaintiff had attached to his June 24 email. Dkt. No. 10.

On August 18, 2023, the defendants filed a response to the plaintiff's motion to voluntarily dismiss. Dkt. No. 13. The defendants argued that the

court should dismiss the case with prejudice for the reasons outlined in their motion to dismiss. Id. at 2. The defendants also stated that "Plaintiff appears to interpret FRCP 41(a)(1)(A)(i) as a vehicle for default judgment." Id. The defendants asserted that "[b]y arguing that the Defendants failed to answer within the statutory timeline, Plaintiff is essentially requesting a default judgment against them." Id. The defendants claim that "this can only be accomplished through FRCP 55." Id. The defendants spend the rest of their response brief arguing that the court should not enter default. Id. at 2-3.

On August 28, 2023, the plaintiff filed a reply brief supporting his motion to voluntarily dismiss. Dkt. No. 15. The plaintiff reiterated that he "has the right to dismiss his cause of action against all named Defendants as a matter of right and pursuant to Federal Rule 41(a)(i), Plaintiff may unilaterally dismiss a cause of action only prior to the filing of an Answer or a Motion for Summary Judgment." Id. at 1. The plaintiff stated that he "[wa]s confused to why this case was removed to Federal Court in the first place as his State Court Complaint does not contain any federal issues and Plaintiff is not seeking an amount that would subject this cause of action to Federal Court." Id. at 2. The plaintiff elaborated that he "does not want this case in Federal Court and would like this case to be remanded back to the State Court and have his Motion to Dismiss Pursuant to FRCP 41(a)(i) Without Prejudice as this case does not meet the qualifications to be heard in Federal Court." Id. Finally, the plaintiff reaffirmed that he "prays that this honorable court grant Plaintiffs Stoller Motion to Dismiss Pursuant to Rule 41(a)(i) Without Prejudice." Id.

  B. <u>Legal Standard</u>

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal

3

before the opposing party serves either an answer or a motion for summary judgment[.]" A dismissal based on Rule 41(a)(1)(A) is "without prejudice" unless "the notice or stipulation states otherwise," but "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

The Seventh Circuit has held that a plaintiff's right to voluntary dismissal by notice before the filing of an answer or a motion for summary judgment is "absolute." Marques v. Federal Reserve Bank of Chi., 286 F.3d 1014, 1017 (7th Cir. 2002). As the Seventh Circuit has explained, a plaintiff "doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily." Id. A notice to dismiss under Rule 41(a)(1)(A)(i) is "self-executing and case-terminating." United States v. UCB, Inc., 970 F.3d 835, 849 (7th Cir. 2020). Under Rule 41(a)(1)(A)(i), it does not matter whether a plaintiff labels a filing as a "notice to dismiss" or a "motion to dismiss." See Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008) (holding that a "motion to voluntarily dismiss the plaintiff's complaint" was, despite its title, actually a Rule 41(a)(1) notice of dismissal). If the plaintiff's filing—submitted before the defendants serve an answer or a motion for summary judgment—clearly indicates a desire to voluntarily dismiss the case, then the plaintiff's filing *itself* dismisses the case. Id. at 782 ("The miscaptioned motion *itself* effected the dismissal of the suit; the case was gone; no action remained for the district judge to take." (emphasis added)); see also Nelson v. Napolitano, 657 F.3d 586, 587 (7th Cir. 2011) ("Although the plaintiffs miscaptioned their notice of dismissal as a 'Motion for Voluntary Dismissal Pursuant to FRCP 41(a)(1)(A),' that filing effected the immediate dismissal of the suit."); Pacult v. Walgreen Co., No. 08-CV-542-SLC,

4

2012 WL 171082, at *4 (W.D. Wis. Jan. 20, 2012) ("[I]n the Seventh Circuit, even if the plaintiff seeks permission from the court to dismiss the suit, the court does not have the power to deny dismissal before the defendant has filed an answer or summary judgment motion."). A dismissal under Rule 41(a)(1)(A)(i) is effective upon the plaintiff filing the notice of voluntary dismissal, so a court order "granting" the voluntary dismissal is "superfluous." See Edwards-Brown v. Crete-Monee 201-U Sch. Dist., 491 F. App'x 744, 746 (7th Cir. 2012) ("The dismissal of Brown's suit was therefore effective on October 26, 2009, the date on which she filed the 'motion' for voluntary dismissal—not on November 17, 2009, the date on which the court issued the *superfluous order 'granting' the motion.*" (emphasis added)).

A plaintiff may file a notice of voluntary dismissal under Rule 41(a)(1)(A) even after the defendant has removed a case to federal court. See Grivas v. Parmlee Transp. Co., 207 F.2d 334, 337-38 (7th Cir. 1953) (removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal to re-file his or her claims in state court); Crook v. WMC Mortg. Corp., Case No. 06-CV-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) ("The right of voluntary dismissal by notice prior to service of the answer or a motion for summary judgment extends as fully to cases removed from a state court as it does to cases commenced in a federal court." (quoting 9 Wright & Miller, FEDERAL PRACTICE & PROCEDURE §2363)). A "district court doesn't need jurisdiction over a case for a voluntary dismissal under Rule 41(a)(1)(A)(i) to be effective." Kuznar v. Kuznar, 775 F.3d 892, 896 (7th Cir. 2015) (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir.1999) (explaining that a voluntary dismissal "may precede any analysis of subject matter jurisdiction because it is self-executing"))).

5

If a defendant opposes a voluntary motion to dismiss under Rule 41(a)(1)(A)(i), that defendant "has the burden of proving the sequence of the submissions." Marques, 286 F.3d at 1017. The defendant must show that it served "either an answer or a motion for summary judgment" before the plaintiff filed the plaintiff's notice of voluntary dismissal. See Id. A defendant filing a competing motion for dismissal, even if that motion is served before the plaintiff files the notice of voluntary dismissal, does not invalidate a plaintiff's notice of voluntary dismissal. See Edwards-Brown, 491 F. App'x at 746 (noting that "[a] voluntary dismissal filed before any responsive pleading is filed is self-executing and automatically effects dismissal of the case" and that "a motion to dismiss is not a responsive pleading"); Lim v. Metcalf & Assocs., P.C., No. 22-CV-323-WMC, 2023 WL 183668, at *1 (W.D. Wis. Jan. 13, 2023) (allowing a plaintiff to voluntarily dismiss without prejudice even after the defendants removed the case to federal court, the parties litigated the plaintiff's motion to remand, and the defendants sought to renew the motion to dismiss they had filed in state court).

C. Analysis

The plaintiff's "motion" for voluntary dismissal satisfies the requirements to dismiss the case without prejudice under Rule 41(a)(1)(A)(i). See Smith, 513 F.3d at 782 ("The miscaptioned motion itself effected the dismissal of the suit; the case was gone; no action remained for the district judge to take."). The plaintiff filed his motion for voluntary dismissal shortly after the defendants removed the case and before they filed their own motion to dismiss. Dkt. Nos. 6, 8; see also Stoller v. Anderson, Milwaukee County Circuit Court Case No. 2023CV004037 (available at https://wcca.wicourts.gov). This sequence of events allows the plaintiff to dismiss the case without prejudice, and without a

court order, because the plaintiff filed his motion before the defendant "serve[d] either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

The defendants oppose the plaintiff's "motion" for voluntary dismissal—insisting that the court should grant their motion to dismiss with prejudice—but have not satisfied their burden in opposing the plaintiff's motion. Marques, 286 F.3d at 1017 (noting that a defendant opposing a plaintiff voluntarily dismissing a case "has the burden of proving the sequence of the submissions"). Instead of addressing "the sequence of submissions," as is required to defeat voluntary dismissal under Rule 41(a)(1)(A)(i), the defendants attempt to characterize the notice of dismissal as a motion "essentially requesting default judgment." Dkt. No. 13 at 2. It is unclear how the defendants reached this interpretation; the plaintiff's "motion to dismiss without prejudice pursuant to federal rule 41(a)(i)" clearly states that the plaintiff, "pursuant to Federal Rule 41(a)(i)[,] *moves to dismiss his cause of action* against all Defendants without prejudice as a matter of right." Dkt. No. 6 at 1 (emphasis added). Nor does the plaintiff's motion seek a judgment. To defeat a "motion to dismiss without prejudice pursuant to federal rule 41(a)(i)," the defendants needed to prove that they "serve[d] either an answer or a motion for summary judgment" before the plaintiff filed his motion. See Fed. R. Civ. P. 41(a)(1)(A)(i); Marques, 286 F.3d at 1017. They have not done so.

Even if the defendants had attempted to meet their burden in opposing the motion to voluntarily dismiss, the record shows that the plaintiff has satisfied the requirements for dismissal without prejudice under Rule 41(a)(1)(A)(i). The defendants still have not "serve[d] either an answer or a motion for summary judgment." See Fed. R. Civ. P. 41(a)(1)(A)(i). Even if the

7

defendants had filed their motion to dismiss before the plaintiff filed his motion to voluntarily dismiss, their motion would not have invalidated or preempted the plaintiff's motion. See Edwards-Brown, 491 F. App'x at 746 (noting that "[a] voluntary dismissal filed before any responsive pleading is filed is self-executing and automatically effects dismissal of the case" and that "a motion to dismiss is not a responsive pleading"); see also Marques, 286 F.3d at 1017 (holding that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is insufficient to disturb the absolute right to dismiss a suit voluntarily under Rule 41(a)(1) in absence of answer or motion for summary judgment).

Although the plaintiff has satisfied the requirements for dismissal without prejudice under Rule 41(a)(1)(A)(i), the court provides the following clarifications. First, because the plaintiff's "motion" for voluntary dismissal was "self-executing and case-terminating[,]" UCB, Inc., 970 F.3d at 849, the case was terminated on July 28, 2023. See Smith, 513 F.3d at 782 ("The miscaptioned motion itself effected the dismissal of the suit; the case was gone; no action remained for the district judge to take."); Edwards-Brown, 491 F. App'x at 746 ("The dismissal of Brown's suit was therefore effective on October 26, 2009, the date on which she filed the 'motion' for voluntary dismissal—not on November 17, 2009, the date on which the court issued the superfluous order 'granting' the motion."). Second, although the plaintiff stated in his reply brief that he "would like this case to be remanded back to the State Court," dkt. no. 15 at 2, the court is not remanding the case to state court, but dismissing it entirely, because that is what the plaintiff requested in his "motion to dismiss without prejudice pursuant to federal rule 41(a)(i)," dkt. no. 6. If the plaintiff wants to pursue this case in state court, he must refile his complaint in state court. See Grivas, 207 F.2d at 337-38 (removal of a case to

8

federal court does not preclude a plaintiff from seeking voluntary dismissal in order to re-file his or her claims in state court). Finally, if the complaint the plaintiff files in state court alleges a federal question, the law does not prohibit the defendants from removing the new case to federal court.[1]

## II. The Defendant's Motion for Dismissal (Dkt. No. 8)

Because the plaintiff's notice of voluntary dismissal divested the court of jurisdiction, the court cannot rule on the defendant's motion to dismiss. Dkt. No. 8. A voluntary dismissal generally means that the court cannot rule on any pending motions. See Edwards-Brown, 491 F. App'x at 746 (noting that "[v]oluntary dismissal under Rule 41(a)(1) generally means the suit is treated as if it was never filed in the first place"); Marques, 286 F.3d at 1018 ("There is . . . considerable and unchallenged case authority (including decisions by

---

[1] The defendants state that they removed the case because the plaintiff alleged "that the Town of Geneva's Public Nuisance Ordinance is 'unconstitutional[.]'" Dkt. No. 9 at 4. The plaintiff's complaint states:

> The Town of Lake Geneva has a Public Nuisances Ordinance No. 45 set in place that is *extremely vague, arbitrary, capricious, and therefore should be declared unconstitutional* to the public who reside in the Town of Lake Geneva because they fail to set a standard where a Town of Lake Geneva can determine if his alarm system is excessively loud and violates the ordinance.

Dkt. No. 10-1 at 6. The court observes, without ruling on the substantive question, that alleging that a law is "unconstitutional" because it is "vague" may provide a federal court with subject-matter jurisdiction. See Lawrence v. Interstate Brands, 278 F. App'x 681, 684 (7th Cir. 2008) ("Federal-question jurisdiction exists when a plaintiff's right to relief is created by, or depends on, a federal statute or constitutional provision."); see also Karlin v. Foust, 188 F.3d 446, 458 (7th Cir. 1999) (addressing challenges to a state law that the plaintiff alleged was "unconstitutionally vague"); Ctr. for Wildlife Ethics, Inc. v. Clark, 325 F. Supp. 3d 911, 914-15 (N.D. Ind. 2018) (noting that "somewhat haphazard references to the U.S. Constitution" are often not enough to invoke federal question jurisdiction).

this court) that a judgment on the merits that is entered after the plaintiff has filed a proper Rule 41(a)(1) notice of dismissal is indeed void."). There are few exceptions to this general rule, and a pending motion to dismiss with prejudice is not among them. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) (stating that "a federal court may consider collateral issues after an action is no longer pending"); Lim, 2023 WL 183668, at *1 (declining to rule on defendant's pending motion to dismiss after receipt of plaintiff's notice of voluntary dismissal). Because the plaintiff's "motion" for voluntary dismissal was "self-executing and case-terminating," UCB, Inc., 970 F.3d at 849, the court declines to rule on the defendant's motion to dismiss. See Edwards-Brown, 491 F. App'x at 746 ("The dismissal of Brown's suit was therefore effective on October 26, 2009, the date on which she filed the 'motion' for voluntary dismissal—not on November 17, 2009, the date on which the court issued the superfluous order 'granting' the motion.").

### III. Conclusion

The court **DIRECTS** the Clerk of Court to convert the plaintiff's motion to dismiss to a notice of voluntary dismissal and to **DISMISS THE CASE WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(a)(1)(A)(i).

The court **DECLINES TO RULE** on the defendants' motion to dismiss. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 29th day of December, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**